IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN GARDNER,<br><br>Petitioner,<br><br>vs.<br><br>JENNIFER A. HUXOLL,<br><br>Respondent. | **4:26CV3271**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Justin Gardner's ("Gardner") Petition for Writ of Habeas Corpus, Filing No. 1; Filing No. 1-1, brought pursuant to 28 U.S.C. § 2254 and Motion for Leave to Proceed in Forma Pauperis ("IFP motion"), Filing No. 3. Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee. 28 U.S.C. § 1914(a). However, after considering Gardner's financial status as shown in his IFP motion, leave to proceed in forma pauperis will be granted and Gardner is relieved from paying the filing fee. *See* 28 U.S.C. § 1915(a)(1). The Court now conducts an initial review of Gardner's petition pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. For the reasons that follow, the Court will dismiss the petition without prejudice.

## I. BACKGROUND

Gardner filed a partial Form AO 241 petition on September 3, 2026, followed by the remainder of the petition on September 8, 2026. Filing No. 1; Filing No. 1-1. It is unclear from the petition what specific state court judgment Gardner seeks to challenge. In the caption, Gardner lists case number "CR25-19476," but, in the body of the petition, he identifies "CR18-289" as the judgment of conviction being challenged. Filing No. 1-1

at 1. Gardner names Jennifer A. Huxoll as the respondent and a supplemental state court record filed by Gardner shows that Huxoll is a Lancaster County District Court judge who denied Gardner's applications for writs of habeas corpus in CR18-289. Filing No. 4.

A review of Gardner's state court records, available to this Court online,[1] shows that Gardner was convicted in CR18-289 of second-degree assault and was sentenced to 2 to 4 years' imprisonment on December 19, 2018, to be served consecutively to any other sentence. The Nebraska Department of Correctional Services' ("NDCS") online inmate records show that Gardner was discharged from custody for his CR18-289 sentence on February 6, 2024. *See* NDCS Incarceration Records, https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (search result for Justin Gardner, DCS ID 86155) (last visited Sept. 15, 2026). In CR25-19476, the State filed a complaint in the Douglas County Court on November 13, 2025, charging Gardner with second-degree assault, possession of a non-firearm deadly weapon by a prohibited person, and use of a non-firearm deadly weapon to commit a felony. On January 16, 2026, the county court granted the State's motion to supersede the county court and file directly in the Douglas County District Court. That same day, the State filed an information in Douglas County District Court case number CR26-258 charging Gardner with the same three offenses as CR25-19476. On August 4, 2026, the state district court found Gardner incompetent to stand trial in CR26-258 and committed Gardner to the Lincoln Regional Center for restoration of competency, and the case remains pending.

[1] The Court takes judicial notice of the state court records related to this case in *State v. Justin Gardner*, Case No. CR18-289, District Court of Lancaster County, Nebraska; *State v. Justin Gardner*, Case No. CR25-19476, County Court of Douglas County, Nebraska; and *State v. Justin Gardner*, Case No. CR26-258, District Court of Douglas County, Nebraska. *See* *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

In his petition, Gardner asserts claims of double jeopardy, lack of due process, ineffective assistance of counsel, and denial of his speedy trial rights. Filing No. 1 at 2–3, 5; Filing No. 1-1 at 5. The double jeopardy claim appears to relate to CR18-289 while the remaining claims appear to relate to CR25-19476/CR26-258. In the space provided for his request for relief, Gardner merely quotes the language denying his applications for writ of habeas corpus in CR18-289. Filing No. 1 at 10; *see also* Filing No. 4.

## II. DISCUSSION

As an initial matter, to the extent Gardner seeks relief with respect to judgments of the Lancaster County District Court and the Douglas County Court or District Court, his petition is deficient as he must file a separate petition covering the judgments of each court. Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Notwithstanding that deficiency, Gardner is not entitled to habeas relief with respect to either CR18-289 or CR25-19476/CR26-258.

### A. CR18-289

To the extent Gardner seeks any habeas relief with respect to CR18-289, the Court lacks jurisdiction over his petition because (1) it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals and (2) Gardner is not "in custody" under the judgment in CR18-289 for purposes of 28 U.S.C. § 2254.

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id*.

This Court's records reflect that Gardner's petition is successive. To the extent he seeks relief from his state-court judgment in Lancaster County District Court Case No. CR18-289, Gardner unsuccessfully challenged this same conviction in earlier federal habeas corpus litigation. *See Gardner v. Frakes*, No. 4:21CV3067, 2022 WL 523750 (D. Neb. Feb. 22, 2022) (Filing No. 26, dismissing petition with prejudice as claims were procedurally defaulted). Thus, Gardner would be required to seek the permission of the Eighth Circuit Court of Appeals to commence this second action. 28 U.S.C. § 2244(b)(2)

& (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Additionally, the NDCS' online inmate records establish that Gardner completed his sentence for the conviction entered in CR18-289 and, thus, he is not "in custody" pursuant to that conviction as required to seek habeas relief under 28 U.S.C. § 2254. Accordingly, the Court lacks jurisdiction over Gardner's petition as it relates to CR18-289.

**B. CR25-19476 and CR26-258**

To the extent Gardner seeks habeas relief with respect to CR25-19476, his state court records clearly show that those proceedings terminated in the Douglas County Court and the matter is currently pending in the Douglas County District Court in CR26-258. Because his proceedings are ongoing, this Court lacks jurisdiction to consider his petition under 28 U.S.C. § 2254, which confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Until Gardner is convicted and sentenced, there is no state court judgment for him to challenge under 28 U.S.C. § 2254. *See State v. Boone*, 992 N.W.2d 451, 453 (Neb. 2023) (in a criminal case, sentence is final judgment).

Even if the Court liberally construed Gardner's petition as one brought pursuant to 28 U.S.C. § 2241, he would not be entitled to relief. Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in

custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

To the extent Gardner seeks habeas relief, that is, release from confinement with respect to CR26-258, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Gardner is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. Specifically, the Court finds that Gardner's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the Court. *See, e.g.*, *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981)

(the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion).

## III. CONCLUSION

For the reasons above, the Court concludes Gardner's habeas petition must be dismissed without prejudice. Because "the detention complained of arises from process issued by a state court," Gardner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Gardner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Gardner's IFP motion, Filing No. 3, is granted.

2. The petition for writ of habeas corpus, Filing No. 1; Filing No. 1-1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

3. The Court will enter judgment by separate document.

Dated this 16th day of September, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge